MICHAEL J. DAWSON, CHTD.
MICHAEL J. DAWSON, ESQ.
Nevada Bar No. 000944
515 South Third Street
Las Vegas, NV 89101
(702) 384-1777
*mdawson@lvcoxmail.com*
Attorney for Debtor

*E-filed on 2/22/11*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re ) | CASE NO: BK-S 10-31909-LBR |
| ) | |
| LAS VEGAS HIRO-O, LLC, ) | CHAPTER 11 |
| ) | |
| Debtor. ) | DATE:   3-30-2011 |
| ) | TIME:    2:00 p.m. |

## CHAPTER 11 DISCLOSURE STATEMENT

*Of*

## LAS VEGAS HIRO-O, LLC

Submitted by;

MICHAEL J. DAWSON, CHTD.

*/s/Michael J. Dawson*
MICHAEL J. DAWSON, ESQ.
Nevada Bar No. 000944
515 South Third Street
Las Vegas, NV 89101
(702) 384-1777
*mdawson@lvcoxmail.com*
Attorney for Debtor

## **TABLE OF CONTENTS**

INTRODUCTION .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 3

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 3

LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4

VALUATION OF PROPERTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

MANAGEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

LIQUIDATION ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

THE PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

      Class 1 (Administrative) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 7

      Class 2 (Priority Claims) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 7

      Class 3 (Secured Claim of Wells Fargo Bank (First Deed of Trust) . . . . . . . . . . Page 7

      Class 4 (Secured Claim of Zomack 2, LLC (Second Deed of Trust) . . . . . . . . . . Page 8

      Class 5 (Secured Claim of Willow Creek Community Assn. ( HOA Lien) . . . . . . Page 8

      Class 6 (Secured Claim of Summerlin South Community Assn. (HOA Lien) . . . Page 8

      Class 7 (Unsecured General Claims) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

      Class 8 (Equity Interest) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

EXECUTORY CONTRACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

DISPUTED CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

DISCHARGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10

OTHER FUNDING OPTIONS .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10

CHAPTER 11 PLAN OVERVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10

MODIFICATION OF THE PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10

TAX CONSEQUENCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10

ALTERNATIVES TO PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 11

VOTING AND CONFIRMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

**MICHAEL J. DAWSON, Chtd.**
515 South Third Street
Las Vegas, NV 89101

## INTRODUCTION

LAS VEGAS HIRO-O, LLC (hereinafter "Debtor"), has prepared this Chapter 11 Disclosure Statement (hereinafter, "Disclosure Statement) in connection with its Plan of Reorganization. The purpose of this Disclosure Statement is to explain the Plan and to assist creditors in determining whether to vote for or against the Plan. This Disclosure Statement contains information about developments both before and after the Petition date in Debtor's financial affairs. In determining whether the Plan should be confirmed, the Bankruptcy Court will consider if the Plan satisfies the various requirements of the Bankruptcy Code and the Bankruptcy Rules, and whether it is in the best interests of creditors. The Court will also receive and consider a ballot report prepared by the attorney for Debtor regarding the votes for acceptance or rejection of the Plan.

## DEBTOR IS PROPOSING A PLAN TO REPAY ALL ALLOWED CREDITOR CLAIMS

Unless specifically stated, this Disclosure Statement describing Debtor and its financial affairs has not been subject to a certified audit, but has been prepared from information compiled by Debtor from records maintained in the ordinary course of business and from Debtor's principals. Every effort has been made to be as accurate as possible in the preparation of this Disclosure Statement.

## NO REPRESENTATIONS CONCERNING DEBTOR ARE AUTHORIZED OTHER THAN AS SET FORTH IN THIS DISCLOSURE STATEMENT

The following is the Disclosure Statement of LAS VEGAS HIRO-O, LLC and a brief description of the proposed Plan of Reorganization, which is submitted herewith. All creditors should carefully read the information included herein, as well as the Plan of Reorganization in its entirety, before voting on the Plan.

## BACKGROUND

LAS VEGAS HIRO-O, LLC, is a Nevada limited liability company was formed on July 11, 2007, the date on which documents were filed with the Nevada Secretary of State.

At the time of the filing of the instant proceeding on November 21, 2010 Debtor was, and

MICHAEL J. DAWSON, Chtd.
515 South Third Street
Las Vegas, NV 89101

currently still is, owner of certain real property, consisting of a single family residence in Clark County, Nevada, commonly described as 10758 Rivendell Avenue, Las Vegas, NV 89135 having Clark County Assessor's parcel number 164-12-220-026, and more particularly described as

> **WOOD GLEN AT SUMMERLIN UNIT 2**
> **PLAT BOOK 98 PAGE 41**
> **LOT 69 BLOCK 1**
> **SEC 12 TWP 21 RNG 59**

Debtor had owned the subject property for over 33 months prior to the filing of the instant bankruptcy, with title having been conveyed to Debtor by way of a Grant, Bargain and Sale Deed on February 20, 2008 with the Clark County Recorder as Instrument No. 0004355 in Book No. 20080220. The prior title holders on the subject property and thus the grantors of the Deed were "VINCENT HESSER and PATRICIA HESSER, Trustees of the Las Vegas Hiro-o Trust dated January 18, 2008." Before the conveyance and up to the present time Vincent Hesser and Patricia Hesser have been the occupants of the subject property, which is their personal residence.

The debt service on the subject property was kept up to date until the spring of 2010, which triggered the recording and service of a Notice of Breach and Election to Sell by Wells Fargo Bank, dba Wells Fargo Home Loans, the holder of the first deed of trust. A foreclosure sale was scheduled for November 22, 2010 at 10:00 a.m., but it was prevented by the filing of the instant Chapter 11 bankruptcy on November 21, 2010.

## **LITIGATION**

At the filing of the instant bankruptcy proceeding, Debtor was a party defendant in one lawsuit, styled ***SMS Financial v. Vincent Hesser, et al.***, being case no. A-10-615634-C, pending in District Court Clark County, Nevada.[1] The complaint in that case declaratory relief, alleging that various corporate entities, among them Debtor, LAS VEGAS HIRO-O, LLC, were in fact alter egos of Vincent Hesser. No judgment has yet been entered in that case and the litigation is stayed

---

[1] The case against Debtor arose from entry of judgment in a prior state court case, being Case No. A582902, against Vincent Hesser personally, and the judgment creditor's attempts to find assets with which to satisfy its judgment. The property owned by Debtor in the instant case was likely thought by the judgment creditor to be just such an asset.

against Debtor by the automatic stay imposed upon the filing of the Petition which initiated the instant case. The objective of the plaintiff in that case is likely to have the real property which is the subject matter of the instant case be deemed to be property of Vincent Hesser, and not Debtor, and therefore subject to execution by the plaintiff. But even if this relief is granted, there is simply no equity in the property above the claims made against it by the holders of the first and second deeds of trust and the homeowners associations.

In the state court case a *lis pendens* was filed by the plaintiff therein, then recorded with the Clark County Recorder as Instrument No. 201005070004112 on, as indicated by such number, May 7, 2010. The *lis pendens* states on its face that an action has been commenced in District Court, Clark County, Nevada, and that subject of the lawsuit affects the title and/or possession of the property in Clark County commonly known as 10758 Rivendell Avenue, Las Vegas, NV 89135.

Debtor had at least two (2) opportunities to sell the subject property for enough to pay in full the claim secured by the first deed of trust, making a deal for short payment to the holder of the second deed of trust. Both attempts were thwarted by the existence of the *lis pendens* which clouded the title.

Debtor now seeks to sell the property as part of a Chapter 11 Plan, the Plan to provide for a sale free and clear of liens, and thereby provide clear title exclusive of the cloud caused by the pending *lis pendens*.

## VALUATION OF THE PROPERTY

The subject property has been valued by Debtor on its Chapter 11 Schedule A at $500,000.00.

## MANAGEMENT

Both before and after the filing of the instant proceeding, Michael Hesser has been the Manager of Debtor. Debtor reserves the right to reorganize its management structure as business conditions may require. Mr. Hesser receives no compensation for services rendered on behalf of Debtor.

*    *    *    *

MICHAEL J. DAWSON, Chtd.
515 South Third Street
Las Vegas, NV 89101

## LIQUIDATION ANALYSIS AS ALTERNATIVE TO THE PLAN

A conversion of the instant case to a case under Chapter 7 of the Bankruptcy Code might, under the proper circumstances, result in payment in full of all debts against an estate. However, the in the instant case, the conversion would result simply in a Trustee abandoning the property of the estate or taking no action to protect it, with a foreclosure sale to ensue after an Order granting relief from stay is granted. Only two items of personal property were listed by Debtor as personal property on its original Schedule B on file: 1) a deposit in "E-Trade account of 182.13;" and 2) an "account receivable from Anthony Puerner" in an unknown amount. As to the funds on deposit, they will likely be used to pay US Trustee fees arising during the pendency of this case, will no doubt have to be supplemented by contributions to meet those obligations. As to the account receivable from Mr. Puerner, it was apparently was error and will be amended out of Schedule B. Therefore, only the liquidation of the sole real property asset is considered in the Plan.

## THE PLAN

The Plan of Reorganization will allow Debtor to pay all allowed creditors in full. The basic operative part of the Plan of Reorganization proposed by Debtor will pay to allowed creditors, in accordance with the priorities established by the United States Bankruptcy Code and the Plan itself, from funds derived from refinancing or perhaps a sale. As to creditors and interest holders, separate classes have been established for:

(1)   Holders of administrative claims, if any;

(2)   Holders of priority claims, if any;

(3)   The claim of Wells Fargo Bank, secured by a first deed of trust;

(4)   The claim of Zomack 2, LLC, secured by a second deed of trust;

(5)   The claim of Willow Creek Community Association, which is believed represented by a homeowners association lien;

(6)   The claim of Summerlin South Community Association, which is believed represented by a homeowners association lien.

(7)   Holders of unsecured claims; and

MICHAEL J. DAWSON, Chtd.
515 South Third Street
Las Vegas, NV 89101

(8) Equity or other value held by Debtor in its assets.

The Plan bases time for performance upon the "Effective Date" of the Plan. The "Effective Date," as defined in the Plan, is the first business day thirty (30) days after the date on which the Order of Confirmation becomes final and non-appealable. Time periods under which performance under the Plan is to take place begin to run on the Effective Date except that Debtor reserves the right to make payment in full to creditors prior to such Effective Date. Once the allowed claims are paid, the Plan shall be deemed fully consummated and concluded.

**Class 1 - Administrative Expenses.**

Allowed Claims for administrative expenses arising under Section 507 (a) (1) of the Bankruptcy Code are granted a priority status. Such claims in Class 1 include, but are not limited to, the costs and expenses incurred in connection with the reorganization such as attorneys fees, accountants' fees and other professional fees approved by the Court, as well as the costs incurred in operating the Debtor's business following the filing of the Petition initiating the instant case.

As services of the attorney for Debtor and costs incurred will be paid by principals of the Debtor, as opposed to out of the bankruptcy estate, no fees will be paid through the Plan.

**Class 2 - Priority Claims**

Class 2 consists of the Priority Claims against Debtor, if any. No priority claims are known. Though Internal Revenue Service has filed a proof of claim, comprising Claim No. 2-1 in the Court's registry of claims, the amount recited for priority claims is $0.00, with $1,500.00 stated as an unsecured general claim, and therefore more properly included in the class of claims designated as unsecured general claims, as set forth in this Disclosure Statement *infra*.

**Class 3 - Secured Claim of Wells Fargo Bank (First Deed of Trust)**

Class 3 consists of claim of Wells Fargo Bank which, according to Schedule D on file in this case, is $286,715.91. Wells Fargo Bank has filed its proof of claim in this case, being Claim No. 4-1, which indicates that $296,129.69 was owing on the Petition date, of which some $41,945.27 were arrears, foreclosure and attorney costs.

The secured claim of Wells Fargo Bank is impaired to the extent it might not be paid on the

effective date of the Plan. However, there should be no question about the favorable equity position of Wells Fargo Bank during the relatively short period contemplated by the Debtor to make some resolution of the Bank's claim, by sale of the property.

**Class 4 - <u>Secured Claim of the Zomack 2, LLC (Second Deed of Trust)</u>**

Class 4 consists of claim of the Zomack 2, LLC which, according to Schedule D on file in this case, is $450,000.00 and is secured by a second deed of trust. Given the collateral value of $500,000.00, the Class 4 claim in this case cannot be fully secured since there is, by these figures, a deficiency $238,231.91 between the market value of the residence and the amount owed. Additionally, this possible deficiency does not take into account the claims of the two homeowners associations to which the subject property.

A proof of claim, being Claim 3-1 in the Court's registry, has been filed by Zomack 2, LLC, which confirms that $450,000.00 is owed.

The Class 4 claim of Zomack 2, LLC is impaired since it will not be paid on the effective date of the Plan. Indeed it may never be paid in full, but a portion of it will likely be paid.

**Class 5 - <u>Secured Claim of Willow Creek Community Association (Homeowner Association Lien)</u>**

The Case 5 claim of Willow Creek Community Association, being a homeowner association lien, is deemed secured by the subject real property. Debtor listed this claim on its Schedule D as being owing to Red Rock Financial Services for the amount of $1,238.00. A proof of claim (being Claim 1-1) has been filed herein by Red Rock Financial Services on behalf of Willow Creek Community Association in the amount of $528.00. Debtor will propose to pay this claim in full from the proceeds of sale of the subject property, and the claim is therefore impaired, since the sale might not be consummated by the effective date of the Plan.

**Class 6 - <u>Secured Claim of Summerlin South Community Association (Homeowners Association Lien)</u>**

The Class 6 claim of Summerlin South Community Association has been listed by Debtor on its Schedule D in the amount of $43.00, is likewise deemed secured. No proof of claim has yet

**MICHAEL J. DAWSON, Chtd.**
515 South Third Street
Las Vegas, NV 89101

been filed by Summerlin South Community Association. Again, since there may be no proceeds of sale available on the effective date of the Plan, the claim is likely impaired.

### Class 7 - Unsecured General Claims

Class 7 consists of the unsecured claims of creditors of Debtor. The Plan provides for no payment at all to unsecured claims, even if they are allowed. Only one unsecured general claim was listed by Debtor in its Schedule F, that of SMS Financial, with an unknown amount owing. The claim is also listed as being "contingent," "unliquidated" and "disputed." The sole debt on Schedule is not marked "disputed," "contingent" or "unliquidated." No proof of claim for any unsecured debt has yet been filed, other than the $1,500.00 claimed by Internal Revenue Service. The Plan proposes to pay nothing at all to unsecured general claims, making them impaired claims under the Plan.

### Class 8 - Equity Interest

Class 8 consists of all ownership interests of Debtor in the bankruptcy estate. Given that one or more classes having higher priority will, at best, receive *less* than the total value of their claims, the value of the ownership interest is nothing, and hence the holder(s) of the ownership interest(s) will receive nothing under the Plan.

### EXECUTORY CONTRACTS

There is no executory contract to which Debtor is a party.

### DISPUTED CLAIMS

The Plan provides that Debtor will only make distributions to creditors as, and when, the claims are allowed by the Court. Debtor retains the right to object to any claim in any class for any legitimate reason. There may be claims the amounts of which are in dispute, and in fact, disputes are likely to be as to amounts claimed by parties in interest, rather than over whether a claim exists. No distribution will be made with respect to any disputed claim unless, and until, it becomes an Allowed Claim. Debtor reserves the right to object to any claim prior to its payment or any portion thereof. Upon allowance of a claim, it shall be dealt with under the terms and conditions of the Order and the Plan.

The claim of SMS Financial is disputed by the Debtor; however, there is no benefit seen by Debtor's principals in objecting to the claim since the Plan proposes to distribute nothing at all to the holders of unsecured claimants. Unless there are some proceeds of sale above amounts owed to secured creditors, there is as yet no reason to file any objection to the claim in this bankruptcy.

## DISCHARGE

Debtor retains the right to obtain and hereby claim any discharge available under 11 U.S.C. 1141 under any theory, provided there is no violation of the absolute priority rule.

## OTHER FUNDING OPTIONS

Debtor reserves the right to seek an auction or refinancing of its asset at any time.

## CHAPTER 11 PLAN OVERVIEW

Debtor's Plan will be funded by the sale, free and clear of liens, of the Debtor's sole real property. Debtor seeks in the Plan to have a period of not less than six (6) months in which to seek a ready willing and able buyer for its sole real estate asset which will pay at least enough to pay off Wells Fargo Bank, the holder of the first deed of trust.

## MODIFICATION OF THE PLAN

Debtor may propose modifications to the Plan at any time before confirmation, provided that the Plan, as modified, meets the disclosure requirements of the Bankruptcy Code. The Plan may also be modified after the confirmation and before its "substantial consummation" provided that the Plan, as modified, meets the requirements of the Bankruptcy Code.

## TAX CONSEQUENCES OF THE PLAN

Certain significant tax consequences of the Plan could result due to, among other things, changes made or proposed by recent or pending legislation; (II) differences in the nature of the claims of different creditors, their taxpayer status, methods of accounting, and prior actions taken by creditors with respect to their claim; and (III) the possible tax consequences of various transactions.

**EACH CREDITOR IS ADVISED TO CONSULT WITH ITS INDIVIDUAL TAX ADVISOR REGARDING TAX CONSEQUENCES. LAS VEGAS HIRO-O, LLC AND**

MICHAEL J. DAWSON, Chtd.
515 South Third Street
Las Vegas, NV 89101

**ITS COUNSEL MAKE NO REPRESENTATIONS REGARDING SUCH ISSUES AND ASSUME NO RESPONSIBILITY FOR ANY SUCH MATTER.**

## ALTERNATIVES TO THE PLAN

The Plan submitted by LAS VEGAS HIRO-O, LLC is a reorganization and payment plan for creditors' claims. The only alternatives to the Plan would be conversion of the case to a Chapter 7 liquidation with the appointment of a Trustee, or alternatively, the sale of the assets by Debtor itself at public auction. Debtor believes it is in the best interest of creditors and other parties in interest to allow Debtor to reorganize its obligations and to pay all creditor claims as soon as possible through the Plan of Reorganization. If the case were converted to a Chapter 7 liquidation proceeding and a Trustee appointed, there is a very real possibility only the holder of the first deed of trust would be paid. Other claimants would almost certainly receive nothing. In addition, the costs and fees involved in a conversion and appointment of a Trustee would further reduce the funds available to pay any creditor claims. Debtor also expressly reserves the right to obtain refinancing of any or all of the obligations against it at any time, and thereby eliminate the claims against it.

## VOTING AND CONFIRMATION PROCEDURES

Only creditors that are classified as impaired under the Plan are entitled to vote on acceptance or rejection of the Plan. In that regard, creditors in impaired Classes, as stated herein, are entitled to vote on the Plan. Ballots will be sent to all creditors which are listed on the Schedules or have filed Proofs of Claim in this case. Only the holders of Allowed Claims will be authorized to vote on the Plan unless the Court temporarily allows the Claim for purposes of voting on the Plan. A ballot form will be sent to each creditor with a copy of the court-approved Disclosure Statement and the proposed Plan. All creditors are urged to read the Plan carefully and cast a Ballot. If you have any questions concerning the Disclosure Statement, Plan of Reorganization or Ballot, you may contact, during business hours, the attorney for the Debtor:

\* \* \* \*

MICHAEL J. DAWSON, CHTD.
515 South Third Street
Las Vegas, Nevada    89101
(702) 384-1777 telephone
(702) 385-4950 facsimile
*mjdawson@lvcoxmail.com*

## **CONCLUSION**

This Disclosure Statement may not contain all of the information concerning LAS VEGAS HIRO-O, LLC on file with the Bankruptcy Court. Reference is made to the Plan of Reorganization and the Court file for additional information. Debtor believes that acceptance of the Plan is in the best interests of each and every class of claimants and recommends that each creditor vote to accept the Plan.

DATED this **22nd** day of February, 2009

MICHAEL J. DAWSON, CHTD.

*/s/ Michael J. Dawson*
MICHAEL J. DAWSON, ESQ.
Nevada Bar No. 000944
515 South Third Street
Las Vegas, NV 89101
702) 384-1777
*mdawson@lvcoxmail.com*
Attorney for
LAS VEGAS HIRO-O, LLC