MICHAEL J. DAWSON, CHTD.  *E-filed on 2/22/11*
MICHAEL J. DAWSON, ESQ.
Nevada Bar No. 000944
515 South Third Street
Las Vegas, NV 89101
(702) 384-1777
*mdawson@lvcoxmail.com*
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | CASE NO: BK-S 10-31909-LBR |
| | ) | |
| LAS VEGAS HIRO-O, LLC | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | DATE: *proposed* |
| | ) | TIME: *proposed* |

## CHAPTER 11 PLAN OF

## REORGANIZATION

*of*

## LAS VEGAS HIRO-O, LLC

Submitted by:

MICHAEL J. DAWSON, CHTD.

*/s/Michael J. Dawson*
MICHAEL J. DAWSON, ESQ.
Nevada Bar No. 000944
515 South Third Street
Las Vegas, NV 89101
(702) 384-1777
*mdawson@lvcoxmail.com*
Attorney for LAS VEGAS HIRO-O, LLC

**TABLE OF CONTENTS**

ARTICLE I        DEFINITIONS.................................... page 3
ARTICLE II       CLASSIFICATIONS OF CLAIMS...................... page 5
ARTICLE III      TREATMENT OF CLAIMS............................ page 6
ARTICLE IV       EXECUTORY CONTRACTS............................ page 9
ARTICLE V        EXECUTION OF THE PLAN.......................... page 9
ARTICLE VI       MODIFICATION OF THE PLAN....................... page 9
ARTICLE VII      DISCHARGE...................................... page 10
ARTICLE VIII     RETENTION OF JURISDICTION...................... page 11
ARTICLE IX       MISCELLANEOUS PROVISIONS....................... page 12
ARTICLE X        ALLOWANCE OF ADMINISTRATIVE CLAIMS............. page 12
ARTICLE XI       RIGHTS OF PRIORITY CLAIMANTS................... page 13
ARTICLE XII      RIGHTS OF SECURED CLAIMANTS.................... page 13
ARTICLE XIII     RIGHTS OF UNSECURED CLAIMANTS.................. page 14
ARTICLE XIV      CRAM-DOWN (11U.S.C. 1129(b))................... page 14
ARTICLE XV       PAYMENT OF SECTION 1930 FEES................... page 14
ARTICLE XVI      REFINANCING OPTIONS............................ page 14
ARTICLE XVIII    INCORPORATION OF DISCLOSURE STATEMENT.......... page 15

**MICHAEL J. DAWSON, Chtd.**
515 South Third Street
Las Vegas, NV 89101

LAS VEGAS HIRO-O, hereinafter, "Debtor", the Debtor-in-possession in this Chapter 11 bankruptcy, here by proposes the following Plan of Reorganization (hereinafter, "Plan"), by through its attorney of record, Michael J. Dawson, Esq., requesting acceptance of the Plan by its creditors, and confirmation of the Plan by the Court.

## ARTICLE I

## DEFINITIONS

The following terms, when used in this Plan of Reorganization, shall have the following respective meanings:

**1.01 Administrative Claim:**

This term shall refer to every claim to an expense of administration of the reorganization case including the actual and necessary expenses of preserving and making a disposition of the assets of the Debtor, any actual and necessary expenses of operating the business, and all allowances, including professional fees, costs, and U.S. Trustee's fees, and other claims approved by the Court in accordance with the provisions of the United States Bankruptcy Code.

**1.02 Allowed Claim:**

This term shall refer to every claim: (a) (I) as for which a Proof of Claim has been file with the Court in the time fixed by the Court or, if such claim arises from the Debtor's rejection of an executory contract, if any, from thirty (30) days after the Effective Date of the Plan, or (ii) which Debtor have listed or scheduled, as of the effective date of the Plan, as liquidated in an amount undisputed; and in either event: (b) (I) as to which no objection to the allowance of such claim, or requests for subordination thereof which (if granted) will affect the distribution to the creditor asserting the claim, has been filed within any applicable time period fixed by the Court, or (ii) as to which the Order allowing such claim and establishing (if applicable) its priority has become final and non-appealable.

**1.03 Bankruptcy Code:**

This term shall refer to Title 11 of the United States Code, as now existing and hereafter amended.

*   *   *   *

**1.04 Claim:**

This term shall refer to every right and remedy encompassed within the statutory definition set forth in Section 101(5) of the Bankruptcy Code, whether or not such claim is an "allowed claim," as is defined elsewhere herein.

**1.05 Confirmation Date:**

This term shall refer to the date of the entry on docket of the Court's Order confirming the Plan and any and all supplemental Orders affecting the content of the Plan or Orders entered in conjunction with the Plan for the purpose of implementing the Plan.

**1.06 Confirmation Order:**

This term shall refer to the Court's Order confirming the Plan and any all supplemental Orders confirming amendments to the Plan or Orders entered in conjunction with Plan for the purpose of implementing the Plan.

**1.07 Court:**

This term shall refer to the United States Bankruptcy Court for the southern portion of the District of Nevada, except insofar as it is necessary or appropriate for jurisdiction to be exercised by the United States District Court for the southern portion of the District of Nevada, or other courts which the Debtor may utilize to consummate this Plan or otherwise preserve the assets of the Debtor.

**1.08 Creditor:**

This term shall refer to every holder of a claim, whether or not such claim is an "allowed claim," encompassed within the statutory definition set forth in Section 101(10) of the Bankruptcy Code.

**1.09 Debtor in Possession:**

This term shall refer to LAS VEGAS HIRO-O, LLC, which is the Debtor of record in the instant case.

**1.10 Effective Date:**

This term shall refer to the first business day thirty (30) days after the date on which the Confirmation Order has become final and non-appealable with no appeal(s) then pending. Except

MICHAEL J. DAWSON, Chtd.
515 South Third Street
Las Vegas, NV 89101

where the earlier performance by Debtor is expressly required in the provisions of this Plan, all time periods shall run form the Effective Date of the Plan; nevertheless, Debtor shall have the right, but not the obligation, to render the performance due hereunder prior to the Effective Date if Debtor, in its business judgment, deems it appropriate to do so.

**1.11 Plan:**

This term shall refer to this Plan of Reorganization and every subsequent modification thereof, if any, filed by the Debtor.

**1.12 Reorganization Case:**

This term shall refer to the above-captioned bankruptcy proceeding pending before the United States Bankruptcy Court for the southern portion of the District of Nevada which the Debtor commenced by filing a voluntary Petition under Chapter 11 of the United States Bankruptcy Code on November 21, 2010.

## ARTICLE II

## CLASSIFICATION OF CLAIMS

Under the instant Plan, claims of Creditors and ownership interests are classified as follows:

**2.1 Class 1 Claims(s) - Administrative Claims:**

The claims classified as Class 1 claim(s) shall be every claim that is an administrative claim, and entitled to priority payment under Section 507(a)(1) of the Bankruptcy Code and include U.S. Trustee fee payments which are owing, if any at the time of the confirmation of this Plan.

Claims by attorneys at law and other professionals are subject to approval by the Court as to their being reasonable. There are no anticipated claims to be filed by the attorney for Debtor, since he was and will be paid by the Debtor's principals for attorneys fees and reimbursement of costs.

**2.2 Class 2 Claim(s) - Priority Claims:**

The claims classified as Class 2 Claim(s) include claims owing to governmental taxing and or regulatory agencies. No priority claim has yet been filed and none is anticipated by Debtor or its counsel.

\* \* \* \*

**2.3 Class 3 Claim - Claim of Wells Fargo Bank:**

The claim classified as the Class 3 Claim consists of the claim owing to Wells Fargo Bank. The claim of Wells Fargo Bank is secured by a first deed of trust on the property commonly known as 10758 Rivendell Avenue, Las Vegas, NV 891353 having Clark County Assessor's Parcel Number 164-12-220-0236. This claim is believed to be in the amount of $296,129.69.

**2.4 Class 4 Claim-Claim of Zomack 2, LLC:**

The Class 4 Claim is the claim secured by the second deed of trust against the residence at 10758 Rivendell Avenue, Las Vegas, NV 891353 having Clark County Assessor's Parcel Number 164-12-220-0236, believed to in the amount of $450,000.00.

**2.5 Class 5 Claim-Claim of Willow Creek Community Association:**

The Class 5 Claim is the claim secured by a homeowners association lien against the residence at 10758 Rivendell Avenue, Las Vegas, NV 891353 having Clark County Assessor's Parcel Number 164-12-220-0236, believed to be in the amount of $528.00.

**2.6 Class 6 Claim-Claim of Summerlin South Community Association:**

The Class 6 Claim is the claim secured by a homeowners association lien against the residence at 10758 Rivendell Avenue, Las Vegas, NV 891353 having Clark County Assessor's Parcel Number 164-12-220-0236, believed to be in the amount of $43.00.

**2.7 Class 7 - Unsecured Claims Without Priority:**

The claims classified as Class 7 claims include every claim that is unsecured and not classified in Classes 1 through 7. To date the only claim filed in this class is that of the Internal Revenue Service for $1,500.00 based upon unfiled returns.

**2.8 Class 8 - Ownership Interest of LAS VEGAS HIRO-O, LLC:**

The interests classified as Class 8 claims include every *ownership* interest of Debtor, LAS VEGAS HIRO-O, LLC, and not for repayment of a loan to or credit incurred by Debtor.

## ARTICLE III

## TREATMENT OF CLAIMS

**3.01  Class 1 Claims(s) - Administrative Claims:**

The claims classified as Class 1 claim(s) shall be every claim that is an administrative

claim, and entitled to priority payment under Section 507(a)(1) of the Bankruptcy Code and include U.S. Trustee fee payments which are owing, if any at the time of the confirmation of this Plan. Claims by attorneys at law and other professionals which come from property of the estate are subject to approval by the Court as to their being reasonable. As stated, no such claims are anticipated.

**3.02  Class 2 Claim(s) - Unsecured Priority Claims:**

To date no claim with priority status has been filed, and none is anticipated. If any such claims are filed, they will be impaired since they are unlikely to be paid on the effective date of the Plan.

**3.03  Class 3 Claim - Claim of Wells Fargo Bank:**

The claim classified as the Class 3 Claim consists of the claim owing to Wells Fargo Bank and secured by a first deed of trust recorded on the real property at 10758 Rivendell Avenue, Las Vegas, NV 89135.

From funds anticipated to be generated in the sale of aforesaid subject real property, Debtor proposes to pay in full the obligation owing to Wells Fargo Bank. In the meantime, there is an equity cushion protecting the interest of Wells Fargo Bank. In addition thereto, Debtor has written to counsel for Wells Fargo Bank suggesting a figure which Debtor is willing pay as and for adequate protection.

Since this claim in unlikely to be paid on the effective date of the Plan, it must be deemed impaired under the Plan.

**3.04  Class 4 Claim-Zomack 2, LLC:**

The claim classified as the Class 4 Claim consists of the claim owing to Zomack 2, LLC and secured by a second deed of trust on the real property at 10758 Rivendell Avenue, Las Vegas, NV 89135.

From funds anticipated to be generated in the sale of aforesaid subject real property, Debtor proposes to pay in part the obligation owing to Zomack 2, LLC, and the difference to be forgiven or held for naught against Debtor.

Since the proceeds of sale are unlikely to be sufficient to pay this claim in full, much less

MICHAEL J. DAWSON, Chtd.
515 South Third Street
Las Vegas, NV 89101

is the claim likely to be paid by the effective date of the Plan, tes claim is impaired.

### 3.05  Class 5 Claim-Willow Creek Community Association:

The claim classified as the Class 5 Claim consists of the claim owing to Willow Creek Community Association, which is the subject of a homeowners association lien against the real property at 10758 Rivendell Avenue, Las Vegas, NV 89135.

This claim will no doubt be paid of the proceeds of the sale proposed by the Plan; however, the claim might not be paid by the effective date of the Plan, and is therefore impaired.

### 3.06  Class 6 Claim-Summerlin South Community Association:

The claim classified as the Class 6 Claim consists of the claim owing to Summerlin South Community Association, which is the subject of a homeowners association lien against the real property at 10758 Rivendell Avenue, Las Vegas, NV 89135.

This claim will no doubt be paid of the proceeds of the sale proposed by the Plan; however, the claim might not be paid by the effective date of the Plan, and is therefore impaired.

### 3.07  Class 7 - Unsecured Claims Without Priority:

The claims classified as Class 7 claims include every claim that is unsecured and not classified in Classes 1 through 6.  For purposes of voting on the Plan, this Class 7 does not include any portion of claims by creditors holding otherwise secured claims, which claims might, under some theory, be construed as under secured.

Claimants under this class are impaired since, if they receive anything at all, it will likely be less than the full amount of their claims and will not be on the effective date of the Plan.

### 3.08  Class 8 - Ownership Interest(s) of LAS VEGAS HIRO-O, LLC:

The interests classified as Class 8 will receive or retain on account of such interests property of a value, as of the effective date of the plan, the value of such interest.  Given that one or more classes having higher priority will at most receive less than the total value of their claims, the value of the ownership interest is nothing, and hence the holder(s) of the ownership interest(s) will receive nothing under the Plan.

*   *   *   *

*   *   *   *

## ARTICLE IV

## EXECUTORY CONTRACTS

Debtor is party to no executory contracts.

## ARTICLE V

## EXECUTION OF THE PLAN

The basic operative part of the Plan involves the selling, in a private sale, the sole real property asset of the estate, being the real property consisting of a single-family residence commonly known as 10758 Rivendell Avenue, Las Vegas, NV 89135, having Clark County Assessor's Parcel No. 164-12-220-026. The sale will be solicited and brought before the Court within six (6) months after the effective date of the Plan, or within such additional time as the Court may allow upon application filed by Debtor before the expiration of the six (6) months period.

The proceeds of sale will be distributed first to holders of secured claims against the property itself in the order prescribed by the Bankruptcy Code in conjunction with state law.

In the unlikely event the proceeds of sale are sufficient to pay in full the claims of secured creditors, the residual proceeds will be distributed by Debtor to allowed creditors in the order of priority established by the United States Bankruptcy Code.

***Notwithstanding any other provision of the instant Plan to the contrary, the sale to the buyer shall be free and clear of any liens which may have arisen, or may have in fact been recorded, at any time, whether pre-petition or post-petition, such that the buyer will receive clear and unencumbered title.***

## ARTICLE VI

## MODIFICATION OF THE PLAN

Debtor retains the absolute right to modify this Plan in accordance with the provisions of the Bankruptcy Code. In this regard:

(a) Modifications may be proposed in writing by Debtor at any time prior to confirmation provided that the Plan, as modified, meets the requirements of the Bankruptcy Code.

(b) The Plan may also be modified by Debtor at any time after the confirmation, and

before its substantial consummation providing that the Plan, as modified, meets the requirements of the Bankruptcy Code and the circumstances justify the modification.

(c) Any holder of an Allowed Claim that has accepted or rejected the Plan will be deemed to have accepted or rejected, as the case maybe, the modified Plan unless, within the time fixed by the Court, such claim holder changes its previous acceptance or rejection.

(d) Every modification of this Plan will supersede the previous version of the Plan. As superseded, the previous version of the Plan will be in the nature of a withdrawn or rejected settlement proposal and will be null, void, and unusable by Debtor or any other party for any other purpose whatsoever with respect to the contents of he modified version of the Plan.

## ARTICLE VII

## DISCHARGE

The Chapter 11 discharge extends to all parties who have claims and who have been given notice of the filing of the bankruptcy or have constructive knowledge of the bankruptcy case in time to allow a timely filing of a Proof of Claim.

Confirmation and performance of the Plan pursuant to the Bankruptcy Code shall discharge and release Debtor from any and all debts dischargeable under the Bankruptcy Code. In addition, without limiting the generality of the foregoing, the rights and payments provided in the Plan shall be in exchange for and in complete satisfaction, discharge and release of all claims of any nature whatsoever including interest accrued thereon, from and after the applicable petition date against Debtor, or any of its assets or properties.

All claims against Debtor shall be satisfied through execution of the Plan or discharged and released in full and all creditors and holders of claims shall be precluded from asserting against Debtor, or its assets or property claims based upon an act, omission, transaction, or any other activity of any kind that occurred prior to the confirmation date of the Plan.

Debtor retains the right to obtain any discharge available under 11 U.S.C. 1141 under any theory. If the assets of Debtor are liquidated, the proceeds therefrom shall be distributed in accordance with the provisions of the Bankruptcy Code and the confirmed Plan. If the Debtor is entitled in any respect to a discharge of some or all of it obligations, it retains the right to seek

same.

## ARTICLE VIII

## RETENTION OF JURISDICTION

Notwithstanding confirmation of this Plan, the Court shall retain jurisdiction until this Plan has been fully consummated, for the following purposes:

(a) to determine whether any claim is allowable or payable, or any objection thereto (or the appropriate proceeding) by the Debtor or by any other party in interest entitled to proceed in that manner. As part of such retained jurisdiction the Court will continue to determine the allowability or administrative claims and any requests for payment thereof, including professional fees and cost which are administrative claims classified as Class 1 Claims.

(b) to determine any dispute which may arise regarding the interpretation of any provision of this Plan. The Court shall also retain jurisdiction to correct any defect, the curing of any omission or the reconciliation and inconsistency in this Plan or in the Order of Confirmation as may be reasonably necessary to carry out the purposes and intents of this Plan. In addition, the Court will retain jurisdiction for the enforcement and interpretation of the terms and conditions of this Plan and the Order of Confirmation issued with regard thereof.

(c) to facilitate the consummation of this Plan by entering, consistent with the provisions of this Plan, any further necessary or appropriate Order(s) regarding the enforcement of this Plan and any provisions thereof. This shall include the entry of any Order including injunctions necessary to enforce the title, rights and powers of Debtor's Plan and the imposition of such limitations, restrictions, terms and conditions of such title, rights and powers as the Court may deem necessary, just and proper.

(d) to determine all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes, conflicts whether subject to an action pending as of the date of confirmation between Debtor and any other party. The Court shall retain jurisdiction to adjudicate any claim including, but not limited to the adjudication of any and all "core proceeding" under 28 U.S.C. Section 157 (b) which may deem appropriate to initiate and prosecute.

**MICHAEL J. DAWSON, Chtd.**
515 South Third Street
Las Vegas, NV 89101

(e)     To adjudicate the classification of claims of any creditor and the re-examination of a claim which may have been allowed for the purpose of voting, and the determination of such objections as maybe filed to the creditors' claims. The failure by the Debtor to object or examine such claim for the purpose of voting shall not be deemed to be a waiver of the Debtor's right to object or re-examine the claim in whole or in part as provided herein.

(f)     to consider any modification of this Plan of Reorganization proposed prior to, or after, the confirmation of and the entry of an Order of Confirmation pursuant to Section 1127 of the Bankruptcy Code.

(g)     to grant Debtor additional time in which to present a sale of the subject property in accordance with the provisions of the instant Chapter 11 Plan of Reorganization.

(h)     for the purposes of entry of a final decree concluding and terminating this reorganization case.

## ARTICLE IX

## MISCELLANEOUS PROVISIONS

The disbursing agent for all payments, *if any*, made under the Plan, other than the payment of secured claims owing o Wells Fargo Bank, to Zomack 2, LLC and the claims of homeowners associations, shall be LAS VEGAS HIRO-O, LLC, the Debtor. The payment of the claim of Wells Fargo Bank, Zomack 2, LLC and the claims of homeowners associations will likely be made directly from escrow following sale of the property to the buyer. There are likely to be no distributions under the Plan since the sale will most surely bring less than the amount necessary to satisfy the claims of the aforementioned secured creditors.

All property of the estate shall become the property of the Debtor once the Plan is fully consummated and shall be deemed transferred to Debtor.

The entry of an Order confirming the Plan shall serve to release the Debtor from liability for any claim dealt with in the Plan to any extent other than that provided for in the Plan.

## ARTICLE X

## ALLOWANCE OF ADMINISTRATIVE CLAIMS

Each administrative claimant shall be required to seek court determination of status as an

administrative creditor, and as to the reasonableness of the claim. Debtor, as well as any other affected party, retains the right to object to the allowance of any such administrative claims. With the exception of counsel for Debtor, any claimant, having an otherwise allowed or allowable claim, who does not bring a motion to determine administrative status within ninety (90) days following the confirmation of the Plan, shall be deemed to hold an unsecured secured claim without priority, and shall receive the treatment of that class. Debtor's counsel anticipates receiving no payment from property of the estate either for attorneys fees or costs, all of which has been paid, or will be paid by principals of the Debtor.

## ARTICLE XI

## RIGHTS OF PRIORITY CLAIMANTS

All claimants having a claim of the kind specified described in 11 U.S.C. S507(a)(7) will receive an account of such claim deferred payments, over a period not exceeding five (5) years after the date of date of the order for relief in this case, of a value, as of the effective date of the Plan, equal to the allowed amount of such claim.

Except as otherwise might be agreed, the UNITED STATES/INTERNAL REVENUE SERVICE shall receive on account of its priority claims deferred cash payments commencing on the effective date of the Plan and continuing monthly thereafter. The claims shall bear interest from and after the effective date of the Plan at the rate and in the manner set forth under Sections 6621 and 6622 of the Internal Revenue Service Code. The monthly cash payments shall be in an amount sufficient cumulatively to pay all such priority claims and interest accruing thereon within five years from the date the order for relief was entered, unless otherwise agreed.

***All of the foregoing said, there appear to be no priority creditors.***

## ARTICLE XII

## RIGHTS OF SECURED CLAIMANTS

No secured claimant shall be required to accept less than the present value of the amount which would be received if the Debtor's property were liquidated under Chapter 7 of the Bankruptcy Code, or unless such secured creditor agrees to the contrary. Nonetheless, each holder of a secured claim shall retain the lien securing its claim, and such lien shall be transferred to the

MICHAEL J. DAWSON, Chtd.
515 South Third Street
Las Vegas, NV 89101

proceeds of sale, to the allowed amount of such claim, to the extent, but only to the extent, that such proceeds exist after payment of the claims of prior lienholders.

## ARTICLE XIII

## RIGHTS OF UNSECURED CLAIMANTS

Notwithstanding any other provision in the Plan, no claimant holding an unsecured claim without priority shall be required to accept less than the present value of the amount which would be received by such claimant if the Debtor's property were liquidated under Chapter 7 of the Bankruptcy Code, unless such creditor holding an unsecured claim without priority agrees to the contrary. Under a straight liquidation of Debtor's property, unsecured creditors would receive nothing. Under the Chapter 11 Plan proposed by Debtor, the present value of the claims of unsecured creditors without priority on liquidation of Debtor's property is likewise nothing.

## ARTICLE XIV

## CRAM-DOWN (11 U.S.C. 1129(b))

If all of the applicable requirements for confirmation of a plan are met, other than the requirement set forth in 1129(a)(8), to wit: that each impaired class accept the Plan, Debtor requests that the Plan be confirmed notwithstanding such requirement if the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

## ARTICLE XV

## PAYMENT OF SECTION 1930 FEES

All fees required by Section 1930 have been paid, or if not paid, will be paid within 90 days of the effective date of the Plan.

## ARTICLE XVI

## REFINANCING OPTIONS

Debtor reserves the right, at any time, to solicit refinancing of any or all of its obligations, and thereby pay or otherwise pay outstanding claims. There shall be no penalty for prepayment, and, if applicable, only the interest accrued as of the date of payment of a particular claim shall be allowed.

MICHAEL J. DAWSON, Chtd.
515 South Third Street
Las Vegas, NV 89101

## ARTICLE XVII

## INCORPORATION OF DISCLOSURE STATEMENT

The Court-approved Disclosure Statement, as it maybe amended in the Order of the Court approving same, and to the extent that it is not in conflict with the Plan of Reorganization, is incorporated herein by reference as though set forth at length, since it may disclose information helpful in the confirmation of the Plan.

Dated this *22nd* day of February, 2011.

MICHAEL J. DAWSON, CHTD.

*/s/ Michael J. Dawson*
MICHAEL J. DAWSON, ESQ.
Nevada Bar No. 00094 4
515 South Third Street
Las Vegas, NV  89101
(702) 384-1777
*mdawson@lvcoxmail.com*
Attorney for Debtor